# In the United States Court of Federal Claims

No. 21-1490
(Filed Under Seal: December 3, 2021)
(Reissued for Publication: December 21, 2021)[1]

## NOT FOR PUBLICATION

```
******************************
IXI TECHNOLOGY ELECTRONIC          *
WARFARE, LLC, dba, IXI EW          *
                                   *
                Plaintiff,         *
                                   *
        v.                         *
                                   *
THE UNITED STATES,                 *
                                   *
                Defendant.         *
******************************
```

*Todd John Canni*, Pillsbury Winthrop Shaw Pittman, LLP, Los Angeles, CA, for Plaintiff.

*Amanda L. Tantum*, U.S. Department of Justice, Washington, DC, for Defendant.

## <u>OPINION AND ORDER</u>

**DIETZ, Judge.**

Before the Court in this bid protest, challenging the cancellation of a solicitation by the United States Department of the Navy ("Navy"), is a motion filed by plaintiff, IXI Technology Electronic Warfare, LLC ("IXI"), requesting that the Court order the Navy to complete and supplement the administrative record with agency communications and documents relating to the Navy's cancellation decision. After conducting *in camera* review of the excluded materials, the Court finds that completion and supplementation of the administrative record are not warranted. Accordingly, IXI's motion is **DENIED**.

## I.     BACKGROUND

IXI is a small business that develops and commercializes counter drone and unmanned aerial system technologies. Compl. ¶ 3, ECF No. 1. IXI submitted a proposal in response to a Navy Small Business Technology Transfer Program Broad Agency Announcement issued on

---

[1] This Opinion was originally filed under seal on December 3, 2021, to provide the parties an opportunity to propose appropriate redactions. ECF No. 44. On December 15, 2021, the parties filed a joint status report with proposed redactions from the Defendant. ECF No. 45. The Court accepts the proposed redactions, and the redacted language is replaced by "[XXX]."

December 8, 2020 (the "Solicitation"). AR 4.[2] The Solicitation invited small business firms and research institutions to submit proposals to conduct research and development in specific topic areas. *Id.* IXI's proposal sought an award under topic number N21A-T018, which related to "Airborne Radar-Based Detection and Discrimination of Small Unmanned Aerial Systems and Birds for Collision Avoidance and Force Protection." AR 659; AR 34.

On April 22, 2021, the Navy informed IXI that it was not selected for an award. Compl. ¶ 4. IXI filed its initial post-award bid protest on June 21, 2021, challenging "the Navy's arbitrary, capricious, and unlawful evaluation of IXI's proposal." *Id.* ¶ 1. The government filed the administrative record on June 28, 2021. *See* Notice of Filing, ECF No. 12. After IXI inquired about certain documents missing from the administrative record, the government "correct[ed] the administrative record" to include the documents in order to "avoid any delay in resolving this matter." Def.'s Mot. to Correct the AR at 1, ECF No. 13.

According to IXI, the corrected administrative record revealed that the proposals of the two awardees, [XXX] and [XXX], should have been rejected for non-compliance with a requirement in the Solicitation that [XXX]. First Am. Compl., ECF No. 18, ¶ 3-4. In light of this information, IXI filed its first amended complaint and motion for judgment on the administrative record on July 16, 2021. *See* First Am. Compl., ECF No. 18; Pl.'s Mot. for J. on the Admin. R., ECF No. 20. IXI stated in its amended complaint that:

> IXI has identified a litany of serious flaws in the Navy's evaluation of proposals associated with this procurement that require this Court to sustain this protest, declare that the Navy's evaluation of IXI's, [XXX] and [XXX] proposals was arbitrary, capricious, and in violation of applicable procurement laws and regulations, and enjoin the Navy from proceeding with Phase I awards unless and until the Navy re-evaluates proposals in accordance with the Solicitation's stated evaluation criteria and makes new awards based on a proper best value trade-off or, alternatively, adds IXI to the list of awardees.

First Am. Compl. ¶ 2.

On the same day that IXI filed its amended complaint and motion for judgment on the administrative record, the government filed a motion to stay the briefing schedule for cross-motions for judgment on the administrative record because "the Navy [was] considering taking corrective action." Def.'s Mot. to Stay at 1, ECF No. 19. Five days later, on July 21, 2021, the government filed a notice of cancellation of the Solicitation, stating that "after reviewing the technology and its current needs, the United States Department of the Navy . . . has decided that the current solicitation . . . does not meet its needs." Def.'s Notice of Cancellation at 1, ECF No. 21. The notice stated that the two awardees, [XXX] and [XXX], were notified of the cancellation. *Id.* The government further stated its belief that "this will moot the protest." *Id.*

---

[2] Two administrative records have been filed in this case—one pertaining to IXI's initial protest and one to IXI's protest of the cancellation decision. *See* ECF Nos. 11, 28. The Court cites to the first administrative record, ECF No. 11, as "AR ___." There are no direct citations to the second administrative record in this opinion.

With leave of the Court, *see* ECF No. 23, IXI filed its second amended complaint on August 6, 2021, challenging the Navy's cancellation decision. Second Am. Compl., ECF No. 24. In its second amended complaint, IXI contends "that the Navy's cancellation is motivated by a desire to avoid liability and further judicial oversight – not a genuine change in mission needs," which it argues is "in contravention of established Court precedent." *Id.* ¶¶ 1, 3. IXI asserts that:

> The Navy's present position cannot be reconciled with the terms of the Solicitation, which explained the critical importance of this procurement, or its actions during this litigation, which similarly conveyed a steadfast desire to defend its awards, to minimize the period of the stay, and to continue with the procurement at the end of this bid protest.

*Id.* ¶ 2. In essence, IXI argues that the Navy's decision to cancel the solicitation was pretextual and arose as a result of IXI's protest and to avoid liability to IXI. Following a status conference and pursuant to an order from the Court, the government filed the administrative record related to the cancellation decision on September 3, 2021. *See* Notice of Filing, ECF No. 28.

On September 10, 2021, IXI filed the instant motion to complete and supplement the administrative record. *See* Pl.'s Mot. to Complete and Supplement the AR, ECF No. 30 [hereinafter Pl.'s Mot.]. In its motion, IXI seeks to complete and supplement the administrative record with:

> [A]ll agency communications and documents – including, but not limited to, e-mail communications among government officials and notes summarizing oral communications among agency officials that may have transpired during telephone calls and meetings – relating in any way to the underlying procurement, including but not limited to, IXI's bid protest and the [c]ancellation [d]ecision, during a limited time period from July 6, 2021 (when IXI first brought to the Navy's attention fatal evaluation errors [XXX] for one of the awardees) and July 21, 2021 when the Navy formally announced that it was cancelling [the solicitation].

*Id.* at 1-2. In addition, IXI requests that the Court order the Navy to complete and supplement the record with certain communications between counsel for IXI and counsel for the government between July 6, 2021 and July 21, 2021. *Id.* at 2. The government opposes IXI's motion. *See* Def.'s Resp. to Pl.'s Mot., ECF No. 38 [hereinafter Def.'s Resp.].

The Court held a status conference on October 12, 2021 to discuss IXI's motion. *See* Order, ECF No. 40. After the conference, the Court ordered the government to provide, for *in camera* review, the documents requested by IXI. *Id.* Further, the Court ordered the government to provide a log that contains an index numbering the documents, a description of each document, and the applicable privilege or grounds for exclusion from the administrative record. *Id.* The Court is in receipt of the documents and privilege log and now decides whether the administrative record on the cancellation decision provided by the agency should be completed and supplemented.

## II.     LEGAL STANDARDS

The role of this Court in reviewing an agency decision is to "apply the appropriate [Administrative Procedures Act] standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (internal citation omitted). Judicial review of an agency decision "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Agencies are entitled to a presumption of regularity when assembling the administrative record. *EFW, Inc. v. United States*, 147 Fed. Cl. 186, 188 (2020).

The administrative record, however, is largely a fiction that serves as a convenient vehicle for bringing the decision of an agency before a reviewing court. *See Inforeliance Corp. v. United States*, 118 Fed. Cl. 744, 747 (2014); *see also DataMill, Inc. v. United States*, 91 Fed. Cl. 722, 728-29 (2010). In the bid protest context, allowing the agency to retroactively delineate the scope of review may preclude the "substantial inquiry" and "thorough, probing, in-depth review" this Court must perform in reviewing an agency decision. *Mike Hooks, Inc. v. United States*, 39 Fed. Cl. 147, 156 (1997) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971)). Thus, while the focal point for judicial review of an agency's decision should be the administrative record already in existence, the Court does not apply an iron-clad rule that automatically limits its review to the four corners of the agency-assembled record. *See GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 779 (1997).

When the contents of the agency-assembled administrative record are questioned, a protestor may move to "complete" or "supplement" the administrative record. *Poplar Point RBBR, LLC v. United States*, 145 Fed. Cl. 489, 494 (2019); *see also Linc Gov't Servs., LLC v. United States*, 95 Fed. Cl. 155, 158 (2010). A request to "complete" the agency-assembled record is not the same as a request to "supplement" the agency-assembled record. *See Joint Venture of Comint Sys. Corp. v. United States*, 100 Fed. Cl. 159, 167 (2011). A motion to complete the administrative record seeks to add materials that are relevant to the challenged agency decision and were considered by the agency in reaching its decision or generated during the decision-making process. *BHB Ltd. P'ship v. United States*, 147 Fed. Cl. 226, 229 (2020); *see also Comint Sys.*, 100 Fed. Cl. at 167. A motion to supplement the administrative record seeks to add new materials that were not considered by the agency or generated during the decision-making process. *BHB Ltd. P'ship*, 147 Fed. Cl. at 229; *see also Comint Sys.*, 100 Fed. Cl. at 167.

## III.     DISCUSSION

The Court views IXI's motion as two-fold: (i) a request to complete the administrative record with agency communications and documents relating to the Navy's decision to cancel the Solicitation and (ii) a request to supplement the administrative record with certain communications between counsel for IXI and the government. The Court finds that neither completion nor supplementation is warranted.

A.      IXI's Request to Complete the Administrative Record with Agency
        Communications and Documents

IXI requests that the Navy produce a complete record relating to its decision to cancel the Solicitation. Pl.'s Mot. at 1. IXI argues that the administrative record as provided by the Navy in support of its cancellation decision "does not explain what the agency did in reaching its decision to cancel the solicitation." *Id*. at 10 (internal quotations omitted). IXI further argues that the administrative record is incomplete because it contains "only select documents that appear to have been prepared and curated in an effort to defend against the protest as opposed to the unvarnished record of unscripted communications among agency officials leading to the agency's abrupt 180-degree decision to cancel." *Id*. at 2.

The government responds by arguing that "IXI provides no clear evidence that the Navy withheld documents from the administrative record, instead improperly relying on assumptions and speculation about the timing of the Navy's decision" and, therefore, IXI fails to overcome "the presumption that the Navy properly assembled the administrative record." Def.'s Resp. at 3. The government further argues that "IXI demands deliberative and privileged documents, including internal emails and notes" and "such documents are excluded from the administrative record unless a plaintiff makes a strong showing of bad faith or improper conduct by agency decision makers." *Id*. at 3-4.

The agency-assembled administrative record "is not always a complete record of documentary materials generated during the procurement and maintained contemporaneously with the occurrence of the salient events or actions associated with the procurement[.]" *Pitney Bowes Gov't Solutions, Inc. v. United States*, 93 Fed. Cl. 327, 331 (2010). The administrative record may be insufficient when it is missing "relevant information that by its very nature would not be found in an agency record—such as evidence of bad faith, information relied upon but omitted from the paper record, or the content of conversations." *Inforeliance Corp.*, 118 Fed. Cl. at 747 (quoting *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 343-44 (2004)). Because of the nature of IXI's challenge to the Navy's cancellation decision, the Court decided *in camera* review of excluded documents was appropriate to ensure that the Court had a complete record "containing the information upon which the [Navy] relied when it made its decision as well as any documentation revealing the [Navy's] decision-making process." *Pitney Bowes*, 93 Fed. Cl. at 332; Tr. of Proceeding Held on October 12, 2021 at 26:17-27:18, ECF No. 42.

In response to the Court's order, the government submitted a compact disc containing 89 documents totaling 568 pages and filed notice on the record representing to the Court that the documents submitted constitute "all documents responsive to the Court's order." Def.'s Notice at 1, ECF No. 43. The Court has conducted *in camera* review of the materials submitted by the government, as well as its privilege log. Based on its review, the Court concludes that the excluded materials do not provide further explanation of the Navy's decision to cancel the Solicitation or its decision-making process beyond what is already set forth in the agency-assembled record. Further, with respect to IXI's challenge based on the timing of the cancellation decision, the timing of the decision is ascertainable from the agency-assembled record and additional record materials are not needed. Aside from the Court's finding that the excluded materials are not needed to complete the agency-assembled record, the government has asserted

that the excluded materials are subject to attorney-client privilege and deliberative process privilege, and, after review, the Court agrees with the government that the materials were properly excluded on privilege grounds.

### B.    IXI's Request to Supplement the Administrative Record with Communications between Counsel for IXI and Counsel for the Navy

IXI also requests that the Navy supplement the administrative record with communications between counsel for IXI and counsel for the government between July 6, 2021 and July 21, 2021. Pl.'s Mot. to Suppl. at 2, ECF No. 30. The standard for supplementing the administrative record with extra-record materials is more stringent than the standard for completing the record with materials that were considered by the agency in reaching its decision or generated during the decision-making process. *See BHB Ltd. P'ship*, 147 Fed. Cl. at 229. The Federal Circuit has explained that the administrative record "should be supplemented only if the existing record is insufficient to permit meaningful review consistent with the [Administrative Procedures Act]." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009).

The communications that IXI seeks to add to the administrative record are extra-record evidence that were not before the agency decision-makers or a part of the agency decision-making process. The inter-counsel emails at issue pertain to alleged gaps in the administrative record filed in IXI's initial bid protest and the subsequent decision to cancel the solicitation. Presumably, IXI proffers these emails to establish the timeline of IXI's identification of the alleged deficiencies in the administrative record, the Navy's contemplation of corrective action, and the Navy's cancellation decision. The docket and administrative record in existence already reflect this information, and therefore, the Court finds that these communications are not necessary for the Court to perform a meaningful review of the cancellation decision. Accordingly, supplementation of the administrative record with such communications is not warranted. *See Terry v. United States*, 96 Fed. Cl. 156, 165 (2010).

## IV.    CONCLUSION

For the reasons stated above, IXI's motion to complete and supplement the administrative record is **DENIED**. Some information contained in this Opinion and Order may be considered protected information subject to the Protective Order entered on June 24, 2021. Accordingly, the Opinion and Order is filed **UNDER SEAL**. The parties **SHALL CONFER AND FILE, on or before December 17, 2021**, a joint status report that (i) identifies the information, if any, that the parties contend should be redacted, (ii) explains the basis for each proposed redaction, (iii) includes an attachment of the proposed redactions for this Opinion, and (iv) proposes a schedule for further proceedings**.**

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge